**UNITED STATES of America ex rel. Roosevelt STEVENSON, Petitioner-Appellee,**

v.

**Vincent R. MANCUSI, Warden, Attica State Prison, Attica, New York, Respondent-Appellant.**

**Nos. 402, 403, Dockets 32702, 32745.**

United States Court of Appeals Second Circuit.

Argued March 4, 1969.

Decided March 25, 1969.

Brenda Soloff, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, on the brief), for respondent-appellant.

Ronald S. Rauchberg, New York City, for petitioner-appellee.

Before LUMBARD, Chief Judge, SMITH, Circuit Judge, and McLEAN, District Judge.*

McLEAN, District Judge:

In February 1963 relator was convicted of the crime of burglary in the second degree after a jury trial in the County Court of Erie County. His conviction was affirmed. He was originally sen-

---

* Sitting by designation.

tenced as a fifth felony offender but subsequently the County Court, after a hearing in February 1965, resentenced him as a fourth felony offender. He was given a sentence of fifteen years to life. The resentence was affirmed by the Appellate Division and the Court of Appeals of New York denied leave to appeal.

In February 1967, relator applied to the United States District Court for the Western District of New York for a writ of habeas corpus. He maintained that his resentence as a fourth offender was invalid because the three convictions which had preceded the conviction for burglary in 1963 had been obtained in violation of his constitutional rights. One of these prior convictions was for burglary in Tennessee in 1929, the second was for robbery in Illinois in 1932, and the third was for burglary in the third degree in Erie County, New York, in 1947.

Judge Burke held a hearing on relator's application. On September 11, 1967, he upheld the validity of the prior convictions. Accordingly, he found that relator's sentence as a fourth offender was correct and he dismissed the writ.

On April 30, 1968, this court denied relator's application for a certificate of probable cause, but nevertheless remanded the case "for further consideration of petitioner's attack on the identification procedure used in his Illinois conviction * * *." Judge Burke thereupon held another hearing. This time he decided that the Illinois conviction was invalid. Consequently, on August 6, 1968, he sustained the writ and directed that relator be resentenced. Respondent has now appealed to this court.

Relator testified at the hearing substantially as follows. Relator and a friend, Nathaniel Henderson, were arrested on the street and taken to the police station. The arresting officer directed relator and Henderson to stand in front of their cell. The victim of the robbery, Mrs. Michaels, was then brought in. The officer asked her to point out the man who had robbed her.

She pointed to Henderson. The officer then pointed to relator and said, "No, it was him that took your money, wasn't it?" Mrs. Michaels said, "Yes." There was no other lineup prior to the trial. Relator did not admit his guilt.

Relator and Henderson were both indicted. At the trial Mrs. Michaels identified both as having been involved in the robbery. Relator was convicted and Henderson was acquitted.

At the hearing, written statements of Mrs. Michaels and the arresting officer, Goebel, taken in October 1932, were introduced in evidence. Mrs. Michaels said in her statement that on August 29, 1932, while she was walking on Peoria Street, Stevenson snatched her purse and ran away and that she saw Henderson running also. She said that on October 16 the police took her "to the show up at 11th & State Sts. and I identified the two fellows as holding me up." She further stated that "later—Stevenson admitted holding me up."

Goebel's statement said that he arrested "these two colored men" on October 15. He said, "I remembered this woman being held up and went over and got her," and that "she came down the following day and identified the two of them, and Stevenson admitted snatching the purse."

Judge Burke accepted relator's testimony. He concluded that the identification procedure was unfair and prejudicial to relator's rights and constituted a violation of due process.

If relator's testimony is to be believed, it is clear that the identification procedure was so "suggestive" as to make the identification unreliable.

See

United States v. Wade, 388 U.S. 218, 229, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

Moreover, we think that it is implicit in Judge Burke's decision, although he did not say so expressly, that the improper lineup identification "tainted" Mrs.

Michaels' identification of relator at the trial. The scanty evidence at the hearing was insufficient to justify a finding beyond a reasonable doubt that the in-court identification had an "independent source."

Gilbert v. California, 388 U.S. 263, 272, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

Consequently, Judge Burke's conclusion that the procedure violated due process properly followed from his finding of fact.

██ Respondent's principal attack is upon that factual finding, which respondent claims was clearly erroneous. We do not agree. The question was essentially one of credibility. We cannot say on this record that the district court was required to disbelieve relator's testimony.

Upon the argument of this appeal, respondent presented to this court a copy of a letter dated December 6, 1932, from an Assistant State's Attorney in Chicago, Illinois, to the Warden of the Illinois State Reformatory. The letter recounted the history of this robbery case. Among other things, it stated that:

"On October 16th the prosecuting witness identified the defendants at a show-up made up of 7 men; each of the defendants upon subsequent questioning admitted the charge to the police but denied the same in court."

██ Respondent's attorney advised the court that this letter had been recently discovered. It was not submitted to Judge Burke. Consequently, it is not properly before us on this appeal. Our affirmance of the district court's order is without prejudice to respondent's right to move in the district court, if respondent so desires, for a new hearing on the strength of this new information.

Affirmed.

LUMBARD, Chief Judge (concurring):

I reluctantly concur in the result, but only because I believe that the district court will deny the writ if the Attorney General moves for a new hearing based on the recently uncovered 1932 letter written by the Illinois Assistant State's Attorney.

On the evidence before the district court it is difficult for me to understand how it could have granted the writ. Petitioner's obviously self-interested testimony concerning the events occurring in 1932, at odds with the written contemporaneous statements by the victim and the arresting officer, was inherently incredible. The district court's acceptance of petitioner's version is all the more surprising since it had previously found several of petitioner's factual allegations concerning his other three convictions to be untrue. For example, in its findings and conclusions dated March 24, 1964, the court rejected the claim of petitioner that he had not been represented by counsel in connection with his 1929 Tennessee conviction.

Perhaps the district court was led into its unsatisfactory resolution below by reading too much into this court's remand "for further consideration" of the identification issue posed by the Illinois conviction. Obviously this court did not mean by its order to suggest a view concerning the proper disposition of the issue, nor a belief concerning petitioner's credibility.

I feel confident that the district court will take a different view of the matter if the State gives it the opportunity, by promptly moving for a new hearing, to examine the contemporaneous letter written by the Illinois Assistant State's Attorney. This letter makes it crystal clear that the method of identification used was "a show-up made up of 7 men," and not the patently suggestive procedure claimed by petitioner. This letter clarifies any ambiguities in the statements of the victim and the arresting officer, and reenforces their probity. I thus concur because of my belief that after a new hearing the district court will adopt the version of events in 1932 reflected in these three contemporaneous written statements, and consequently deny the writ.