UNITED STATES of America ex rel. Roosevelt STEVENSON, Petitioner-Appellee,

v.

Vincent R. MANCUSI, Warden, Attica State Prison, Attica, New York, Respondent-Appellant.

Nos. 446–447, Dockets 34229, 34233.

United States Court of Appeals, Second Circuit.

Argued Feb. 25, 1970.

Decided July 6, 1970.

Brenda Soloff, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., and Samuel A. Hirshowitz, First Asst. Atty. Gen., State of New York, on the brief), for appellant.

Joseph I. Stone, New York City, for appellee.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and CROAKE, District Judge.*

PER CURIAM:

For the third time we pass upon an order of the United States District Court for the Western District of New York relating to Roosevelt Stevenson's petition for a writ of habeas corpus. 409 F.2d 801. In its latest order of July 28, 1969 the district court granted the petition and directed that Roosevelt Stevenson be resentenced as a third of-

fender under New York law instead of as a fourth offender, as had been done.

The basis for granting relief was that the district court, in considering Stevenson's claim that an identification made in Chicago in August 1932, had been in violation of due process, chose to credit Stevenson's self-serving testimony over two written items which the Attorney General introduced to document its position that the identification had been made at a lawful "show-up." The first item was a written statement made by the complaining witness in 1932. The second item, the core of the dispute here, was a copy of a letter purportedly sent in 1932 by an Illinois Assistant State's Attorney to the Warden of the Illinois Reformatory at Pontiac, Illinois, which described the robbery for which Stevenson had been sentenced to an indeterminate term of one to twenty years and stated that the victim "identified the defendants at a show-up made of 7 men."

The State's Attorney's letter was not introduced at the original habeas corpus hearing held on June 24, 1968, pursuant to the district court's order of May 8, 1968, which had referred to the production of "any state court records bearing on the question of the identification procedure" relating to the Illinois conviction. Rather, it was presented for the first time in an application for reconsideration on May 26, 1969, which the Attorney General made following a suggestion contained in our opinion of March 25, 1969. See 409 F.2d at 803.

Although the letter completely contradicted Stevenson's self-serving testimony, Judge Burke said that it was not entitled to any weight because there was no explanation why the letter was not available at the previous hearing held on June 24, 1968, that the writer of the letter did not state that he was in charge of the case or what other connection he had with it, or the basis for the facts stated.

We think the district judge would have been better advised to have allowed

* Of the Southern District of New York, sitting by designation.

the Attorney General further opportunity to authenticate the letter. Of course, the Attorney General should have realized the need for some further explanation of the letter, its source, the connection to the case of the purported writer, Malachy, J. Coghian, Assistant State's Attorney, and the reason it had not been produced sooner.

We are of the view that the district court should have handled the matter in such a way as to give the State every possible opportunity to support the 1932 Illinois judgment, especially where the additional time request could not have been prejudicial to a fourth offender with many years to serve and where every other of Stevenson's attacks on the convictions used as predicates for fourth offender status has been found to be utterly without factual support.

Despite all this, we cannot say that the ruling of the district court was such an abuse of discretion as to warrant reversal. Accordingly the order is affirmed.